**Gabriel J. SERRADELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8768.**

Court of Appeals of Alaska.

Feb. 10, 2006.

Valerie Leonard, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Ap-

---

peals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

In January 1999, Gabriel J. Serradell beat Mary Kawagley to death. The grand jury indicted Serradell on one count of first-degree murder and two counts of second-degree murder. Serradell reached a plea agreement with the State: Serradell pleaded no contest to one count of second-degree murder with a sentencing cap of 50 years to serve. In September 2000, the superior court imposed a 45–year term with 15 years suspended, a 30–year term to serve.

In July 2002, Serradell filed a pro se application for post-conviction relief. Serradell sought to withdraw his plea, claiming that his trial attorneys had "tricked" him into accepting the plea agreement. A year later, Serradell's appointed attorney filed an amended application that included the affidavit of one of Serradell's trial attorneys. The State filed an "Answer and Opposition", asserting that Serradell had failed to rebut the presumption that his trial attorneys were competent.

The superior court denied Serradell's application less than three weeks later. The court concluded, based on the evidence in the record, in particular the affidavit of Serradell's trial attorney, that Serradell had failed to overcome the strong presumption that this attorney had performed competently and that her actions were motivated by sound tactical decisions.

Serradell appeals the superior court's decision on various grounds. One of these grounds is that the superior court did not notify Serradell that it was treating the State's "Answer and Opposition" to the application as a motion to dismiss. We agree that Serradell was not reasonably put on notice that the court was treating the State's response as a motion to dismiss or that the

court was considering taking this action sua sponte. We accordingly reverse the superior court's order and remand this case for further proceedings on Serradell's application.

*Background facts and proceedings*

On January 26, 1999, Serradell caused the death of his girlfriend, Kawagley, when he struck her repeatedly with a blunt object. The police found Serradell sitting on a mattress next to Kawagley's body. Serradell volunteered that he was sorry for what he had done and said he did not mean to beat Kawagley so badly.

The grand jury indicted Serradell on one count of first-degree murder [1] and two counts of second-degree murder.[2] After reaching a plea agreement with the State, Serradell pleaded no contest to one count of second-degree murder (Serradell caused Kawagley's death under circumstances manifesting an extreme indifference to the value of human life),[3] with a maximum possible sentence of 50 years imprisonment. The court dismissed the other charges and imposed a 30–year term to serve.

Serradell filed a pro se application for post-conviction relief on July 18, 2002. He claimed that his trial attorneys were ineffective because they "tricked" him into pleading to second-degree murder and because they refused to obtain a second psychological evaluation.

On July 26, 2002, Superior Court Judge Leonard B. Devaney III appointed the Public Defender Agency to represent Serradell on his application. Serradell's public defender filed an amended application for post-conviction relief on July 25, 2003. The amended application abandoned Serradell's claim regarding the psychological evaluation but proceeded with his claim that he had been tricked into accepting the plea agreement. Serradell alleged that his trial attorneys knew that his offense was really manslaughter and could have been resolved as such at trial.

1. AS 11.41.100(a)(1).

2. AS 11.41.110(a)(1); AS 11.41.110(a)(2).

3. *See* AS 11.41.110(a)(2).

Attached to the amended application was the affidavit of one of Serradell's attorneys. That attorney explained that she had tactical reasons for urging Serradell to accept the plea agreement. She denied tricking Serradell into his plea. She explained that she and Serradell's other trial attorney had attempted to negotiate a plea to manslaughter but were unsuccessful. She said she believed it was in Serradell's best interest to accept the plea because there was a serious risk that he would be convicted of first-degree murder at trial.

On January 8, 2004, the State filed its "Answer and Opposition," which asserted that Serradell had failed to rebut the presumption that his trial attorneys were competent. The State argues that the attorneys could not have resolved Serradell's case with a manslaughter conviction. The State also alleged that the affidavit provided by one of Serradell's attorney's set out tactical reasons for urging Serradell to plead to second-degree murder.

Judge Devaney denied Serradell's post-conviction relief application on January 26, 2004. He concluded that, based on the evidence in the record, Serradell had failed "to overcover the strong presumptions that his attorney performed competently and that her actions were motivated by sound tactical decisions." Serradell appeals.

*Discussion*

In this appeal, Serradell argues that, because he made a prima facie case for relief, the trial court erred in dismissing his application for post-conviction relief. He also argues that the trial court should have informed him of its intention to dismiss his application and given him an opportunity to supplement his pleadings.

The State contends that the court correctly dismissed Serradell's application without an evidentiary hearing because there were no genuine issues of material fact in dispute and Serradell had failed to rebut the presumption that his attorneys were competent. Moreover, the State contends that the trial court was not required to notify Serradell that his application was insufficient to state a prima facie case because the State's answer was functionally a motion to dismiss, and therefore, Serradell was on notice that the application faced dismissal.

We agree with the State's general contention that Serradell's application, in its present form, does not plead a prima facie case. Serradell's claim that he was "tricked" into accepting the plea agreement is a conclusory allegation of implicit coercion rather than an assertion of specific facts that, if true, would overcome the presumption of competence that attaches to a trial attorney's tactical choices.[4]

Nevertheless, we reject the State's contention that the State's "Answer and Opposition" was the functional equivalent of a motion for summary disposition under Alaska Criminal Rule 35.1(f). We conclude that the pleading did not put Serradell on notice that the State was moving the court for summary disposition of Serradell's application for failing to plead a prima facie claim. Furthermore, even if we considered the State's pleading to be a motion for summary disposition, under Rule 35.1(f)(1), Serradell would have thirty days to oppose the motion. The superior court's order dismissing Serradell's application was entered less than twenty days after the State filed its "Answer and Opposition."

We understand the State to argue that, whether or not its "Answer and Opposition" constituted a motion to dismiss, the superior court retained the power to dismiss Serradell's application sua sponte and without prior notice if the superior court concluded that the application did not plead a prima facie case for relief.

Before Criminal Rule 35.1 was rewritten by the legislature in 1995, subsection (f)(2) of the rule authorized the superior court to dismiss an application for post-conviction relief sua sponte if the court was satisfied "that the applicant [was] not entitled to post-conviction relief and no purpose would be served by any further proceedings[.]" But the court was required to notify the petitioner of the reasons why the court believed the petition

4. *See State v. Jones,* 759 P.2d 558, 569 (Alaska App.1988).

was deficient, and the court was further required to allow the applicant an opportunity to respond to the proposed dismissal, or to amend the application to cure the deficiency.

The current version of Criminal Rule 35.1 contains no provision explicitly giving the superior court the power to dismiss an application for post-conviction relief sua sponte. Even assuming that the superior court retains this power, the State points to no provision of Criminal Rule 35.1, nor any provision of the Alaska Civil Rules, that authorizes a court to dismiss an action sua sponte without prior notice to the parties.

Because Serradell was not given reasonable notice that the superior court was treating the State's response as a motion to dismiss, or that the superior court was considering taking this action sua sponte, we reverse the superior court's order.

*Conclusion*

The judgment of the superior court is REVERSED, and this case is remanded to the superior court for further proceedings on Serradell's application for post-conviction relief.